IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTINA L. SUIT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-0466 |
| DIRECTV, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Christina L. Suit ("Suit") filed the currently pending action, alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Defendant Direct TV, LLC ("Direct TV")[1] has filed a Motion to Dismiss (ECF No. 3). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant Directv, LLC's Motion to Dismiss (ECF No. 3) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

### BACKGROUND

This Court accepts as true the facts alleged in the plaintiff's' complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff Suit alleges that "[o]n or about March 6, 2012," Suit contacted Direct TV in order to obtain a rate quote for satellite television service and spoke with one of Direct TV's representatives ("the agent"). Pl.'s Compl. ¶ 8. In the course of the conversation, Suit alleges that the agent asked for Suit's

---

[1] Although no party has disputed the issue, the Court notes that the caption and text of Plaintiff's Complaint identifies the Defendant as "Directv, LLC." In its Motion to Dismiss, however, the moving party identifies itself as "Direct TV, LLC." The Motion is captioned accordingly, and Suit adopts that construction in her Opposition Brief.

1

Social Security number. *Id.* Suit refused, and informed the agent that any account would be solely in her roommate's name. *Id.* The presently pending action is, in fact, the second time Plaintiff has sought relief for this specific incident in this Court. On June 18, 2012, Suit filed an action against Direct TV for unlawfully accessing her credit report. *See* Complaint, *Suit v. Directv, LLC*, No. 12-cv-1784-JKB, 2012 WL 5880280 (Nov. 20, 2012), ECF No. 1. On August 1, 2012, Direct TV filed a Motion to Dismiss, which Judge Bredar of this Court granted on November 12, 2012. *See generally Suit*, 2012 WL 5880280.

Suit alleges that, thereafter, Direct TV nevertheless obtained her credit report. *Id.* ¶ 9. Specifically, Suit asserts that:

> On or about March 6, 2012, . . . Defendant willfully and/or negligently obtained Plaintiff's credit file(s), history, and information from Equifax Inc. Defendant obtained said information impermissibly and through the use of false pretenses, without Plaintiff's consent or knowledge, and without a legitimate business reason to do so. Further, Defendant never informed Plaintiff of this illegal and impermissible access. On information and belief, Defendant obtained this information under the false pretense that Plaintiff had applied for a loan or credit with Defendant.

*Id.*

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests

surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across

3

the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (internal quotation marks omitted).

ANALYSIS

**I.  Plaintiff Suit Has Failed to State a Claim under the Fair Credit Reporting Act.**

As noted by Judge Bredar of this Court in dismissing the Plaintiff's first-filed action, the Fair Credit Reporting Act imposes civil liability on persons, corporations, and entities that willfully or negligently use or obtain a consumer report for any unauthorized purpose. *Suit v. Direct TV, LLC*, No. 12-cv-1784-JKB, 2012 WL 5880280, at *1 (Nov. 20, 2012). In order to state a claim for improper use or acquisition of a consumer report under the FCRA, a plaintiff must allege facts supporting each of the following elements: "(i) that there was a consumer report; (ii) that Defendant used or obtained it; (iii) that Defendant did so without a permissible statutory purpose; and (iv) that Defendant acted with the specified culpable mental state." *Id.*

Plaintiff Suit has failed to adequately allege that the information Direct TV obtained is a consumer report. Suit has not made any factual allegations regarding the actual information transmitted to Direct TV. Moreover, Suit has failed to allege that the information was a "consumer report" under the statutory definition and the numerous statutory exclusions. *See* § 1681a(d). Accordingly, Suit has failed to state a claim for which relief may be granted. *Accord Suit*, 2012 WL 5880280, at *2.

Moreover, Suit's Complaint fails to allege adequate facts to support her contention that Direct TV acted negligently or willfully. Instead, Suit baldly asserts that Direct TV acted "willfully and/or negligently" and used "false pretenses" to obtain the information. Suit

4

provides no factual allegations to support these legal conclusions and, as such, her allegations are insufficient to state a claim. *Wag More Dogs, LLC*, 680 F.3d at 365 ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts . . . .")

II.  **Dismissal with Prejudice**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once "as a matter of course at any time before a responsive pleading is served" or "by leave of court or by written consent of the adverse party." In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300-01 (D. Md. 2002). The matter, however, is committed to the discretion of the district court, *see Simmons v. United Mortg. & Loan Inv.*, LLC, 634 F.3d 754, 769 (4th Cir. 2011), and the district judge may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

In dismissing the earlier action, Judge Bredar noted that the first complaint failed to allege that (1) the information was obtained from a consumer reporting agency; and (2) the information was the type of communication concerning creditworthiness that constitutes a consumer report. *See Suit v. Direct TV, LLC*, 2012 WL 5880280, at *2. As explained above, Suit's current Complaint in this action still lacks factual allegations pertaining to the communication. This Court notes that Suit has attached a proposed "First Amended

Complaint" to her Opposition brief. *See* ECF No. 5-2. As discussed below, this further proposed amendment has no effect on this Court's conclusion that dismissal with prejudice is appropriate.

In her Opposition brief, Suit requests this Court grant her leave to amend if her Complaint is dismissed, as it has been. However, in light of the fact that the specific deficiency had already been pointed out by Judge Bredar, there is little reason to grant leave to amend in these circumstances. *Cf. Friedlander v. Nims*, 755 F.2d 810, 813-14 (11th Cir. 1985). Moreover, Plaintiff's decision to file a new action (rather than seeking leave to reopen the case and amend the complaint or appeal Judge Bredar's ruling) nearly three months after her original action was dismissed flouts the typical process of litigation in this Court. *See, e.g.*, FED. R. CIV. P. 59(e) (permitting motions to alter or amend judgment within 28 days of entry of the judgment);[2] FED. R. APP. P. 4(a)(1)(A) (granting an appeal of right for civil cases where notice of appeal is filed within thirty (30) days after entry of judgment).

Finally, in the alternative, this Court finds that amendment would be futile. *See Equal Rights Center*, 602 F.3d at 603 (noting that, where amendment would be futile, the district court has discretion to deny the motion for leave to amend). Specifically, leave to amend is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). In her proposed "First Amended Complaint," ECF No. 5-2, Suit still has failed to make factual allegations pertaining to the state of mind element. Considering that Suit's Proposed First Amended Complaint is

---

[2] Rule 59(e) is the proper vehicle by which to reopen a case after the complaint is dismissed without prejudice and the case is closed. *See Nat'l Alliance for Accessibility, Inc. v. Millbank Hotel Partners*, No. RDB-12-3223, 2013 WL 4934479, at *2 n.3.

6

actually her third attempt at stating a viable cause of action, this Court concludes that amendment would be futile and dismisses this action WITH PREJUDICE.

## CONCLUSION

For the reasons stated above, Defendant Directv, LLC's Motion to Dismiss (ECF No. 3) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated:   December 20, 2013                /s/
                                          Richard D. Bennett
                                          United States District Judge